UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RAYMOND DEAN AUSTIN, | CASE NO. 5:15 CV 333 |
| Petitioner, | JUDGE DAN AARON POLSTER |
| v. | |
| WARDEN, Noble Correctional Institution, | MEMORANDUM OF OPINION AND ORDER |
| Respondent. | |

On February 23, 2015, petitioner *pro se* Raymond Dean Austin filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Austin, a prisoner in an Ohio correctional institution, challenges his continued incarceration resulting from his multiple rape convictions in 1992, for which he received a 30-75 year prison sentence. In particular, he claims he should have been granted parole in 2006. While the petition is unclear, Austin asserts he is being subjected to involuntary servitude, and that Ohio statutes have been applied to him in a manner violating the Ohio and federal constitutions.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United

States. Furthermore, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254.

Even liberally construed, the petition does not reasonably suggest a claim cognizable in federal habeas corpus. As a threshold matter, the Supreme Court has held that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Further, the grounds raised are primarily based on state statutes and the Ohio Constitution. It is not the province of this court to reexamine state-court determinations on state-law questions. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Finally, to the extent Austin seeks to raise federal constitutional grounds, he simply does not set forth a coherent basis for such claims which might entitle him to relief.

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

       /s/Dan Aaron Polster 2/26/15
       DAN AARON POLSTER
       UNITED STATES DISTRICT JUDGE